## 18690. TIFT *v.* CITY OF TIFTON.

Decided November 14, 1928.

*Fulwood & Forrester, C. A. Christian,* for plaintiff in error.

*J. S. Ridgdill, R. D. Smith,* contra.

LUKE, J.   T. W. Tift filed his affidavit of illegality, containing a plea of res judicata to the levy of a paving execution issued by the City of Tifton.   Upon oral motion the court dismissed the plea of res judicata, and Tift excepted pendente lite.   The case then proceeded to trial, the jury found against Tift, his motion for a new trial was overruled and he excepted, assigning error on the rulings stated.

In his affidavit of illegality, Tift deposed:  "that the execution . . . has been levied by . . the city marshal of Tifton on the following property, to wit:   all that tract . .   of land situated . . in . .   the City of Tifton, and fronting on South Central Avenue, west side, 140 feet, beginning at the northwest corner, South Central Avenue and Third St., running north, said tract being 380 feet in depth, even width, as the property of affiant, and affiant says that said execution did issue illegally, and is proceeding illegally against him and said property, for the following reasons, to wit:   1.   Said execution issued for the sum of $900 by the City of Tifton after an assessment had been made by the said city against this property, together with other property, the entire property described as follows:   a tract of land fronting on Central Avenue 379.4 feet and extending back a depth of 300 feet, in the sum of $2,503.05.   After which assessment affiant filed his petition in the superior court of Tift county asking for injunction and other equitable relief, which case came on to be tried at the December term, 1926, of Tift superior court; and upon the trial of said case the court directed that the assessment be against only a frontage of 280 feet, and that the issue be submitted to the jury as to the injunction and other relief sought against the two lots fronting 140 feet each and extending back 380 feet; which issue was tried at said term, and a verdict rendered by the jury in favor of the plaintiff and in favor of the injunction in words and figures, to wit:   "We, the jury, find for the plaintiff and in favor of the injunction.   W. J. Davis, foreman."   Said verdict and a part thereof being based upon certain questions propounded by the court to the jury, . . said questions and answers being as follows:   Q.  'What was the value of the two lots before paving was laid down?'   A.  '1200.'   Q.  'In what amount was the value of the property increased by

paving?' A. '$800.' Q. 'Do you find the paving assessment of $1800 against the two lots confiscatory? Answer yes or no.' A. 'Yes.'

"Said verdict having been returned in Tift superior court, a court of competent jurisdiction, . . and said verdict fixing the amount which the city could legally assess against this property, together with another lot of equal size and value, the amount so fixed being $800; and any assessment by the City of Tifton, and any execution issued thereon against the property described in this execution, or against the balance of said property hereinbefore described, to an amount exceeding $800, is illegal and contrary to law, same having been duly adjudicated by a jury under instructions from the court in an equitable proceeding as above set forth, from which verdict the City of Tifton has taken no appeal, and the time having expired under the law in which an appeal could be entered.

"Affiant shows to the court that in addition to the assessment of $900 and the issuance of an execution based upon said assessment as aforesaid against the property described in this execution, and upon which levy has been made, said city has also assessed the sum of $900 and issued execution therefor against the following described property: all that tract of land situated . . in the county of Tift, State of Georgia, in the City of Tifton, and fronting on South Central Avenue, beginning at a point west side of Central Avenue 160 feet from the N. W. corner of South Central Avenue and Third St., being 380 feet in depth and even width; this property, together with the property levied upon, being the entire property upon which the original assessment was made, and upon which the jury found an assessment of $1800 was confiscatory, and which they found had enhanced in value only in the sum of $800.

"Affiant further shows that he has tendered to the City of Tifton the sum of $800, being the amount found by the jury against this property, together with the other lot above described, which tender has been refused by the City of Tifton, and which he now tenders into court and stands ready to pay at any time.

"2. Affiant states further that the said execution issued illegally and is proceeding illegally, for the reason that the enforcement of said execution would be a virtual confiscation of his property, in

that said assessment is against property not abutting on said street, and against which the city had no authority to make an assessment and to issue an execution therefor, in that said assessment and said execution issued against the following described property: a parcel of land on the west side of Central Avenue fronting 140 feet, and running back to a depth of 380 feet; when as a matter of fact there is no such property or lot owned by this defendant of such description or dimension, but to the contrary, at said point he owns a lot fronting on an unnamed street 75 feet, and running back on Central Avenue 140 feet; and the value of said lot is not more than $400, and that the assessment and execution issued thereon for the sum of $900, and that any enforcement thereof would be a confiscation of affiant's property.

"Affiant states further that said execution did issue illegally and is proceeding illegally for the reason that the same is an amount which, if enforced, would be a virtual confiscation of the property described in said execution and levy, in that said property as described in said execution and levy is not worth in excess of $700, and that the assessment and the execution issued thereon in the sum of $900, if enforced, would amount to a confiscation of the property.

"3. Affiant states further that said execution did issue illegally and is proceeding illegally, for the further reason that the city's charter, nor the ordinance adopted in pursuance thereof, authorizing or requiring Central Avenue to be paved, one third of the cost to be assessed against the owner of the property abutting upon said pavement, affords to the property owners abutting thereon an opportunity to be heard upon the questions of the cost and value of such paving, in that both the charter and the ordinance are violative of article 1, section 1, paragraph 3 of the constitution of this State, which provides that no person shall be deprived of life, liberty, or property without due process of law; for that the said charter of the City of Tifton, nor the ordinance which conferred upon the city the right to pave Central Avenue and to assess the cost against the property owners, makes no provision whereby such property owners may be heard as to the reasonableness or unreasonableness of the cost assessed, or the necessity thereof, and is therefore invalid as in violation of the provision of the constitution guaranteeing that no person shall be deprived of his property without due process of law."

The first question for consideration is: Did the court err in overruling the plea of res judicata? The verdict in the injunction case appears in the affidavit of illegality. The judgment based on that verdict is as follows: (The case having been first stated) "A verdict having been rendered by the jury trying the above-stated case, and such verdict being for the plaintiff and in favor of the injunction, and further finding that the city's paving assessment of $1,848.28 is excessive and confiscatory, it is hereby ordered that the City of Tifton be and it is hereby permanently restrained and enjoined from issuing an execution and enforcing the same in and for the sum and amount of $1,848.28, and any sum greater than such amount. The City of Tifton shall not be prohibited nor prevented from amending its paving assessment by reducing the amount thereof in its discretion, but below the amount found to be confiscatory by the jury. After such assessment has been amended in accordance with the terms of this order, the City of Tifton shall then proceed with the collection of the amount determined upon in the manner provided by law, provided, however, that there is reserved to the plaintiff, T. W. Tift, the right to resist enforcement of such claim by resort to affidavit of illegality or other remedy provided by law. It appearing from the record that T. W. Tift is the owner of the tract of land lying upon South Central Avenue, the subject-matter of the assessment, and that the abutting frontage is 280 feet, and not 379.6 feet, the amount covered by the city's assessment, it is hereby ordered that the defendant, City of Tifton, write off from its original assessment, $2,503.05, the sum of $653.77, thereby reducing the same to $1,848.28; provided further that the City of Tifton may issue or make, as the case may be, assessment against the 100 feet included in the original assessment and disclaimed by T. W. Tift and deducted from his assessment. Said assessment shall be on the usual basis, and against the true owner of such lots if discovered, if not against the landowner unknown; provided, however, that if it should appear that the 20-foot strip and the 80-foot strip going to make up the 100 feet deducted from the yardage going to make up the assessment against T. W. Tift and said property so assessed be found embraced with the city's street or alley system, then the sale of such strips or lots may be enjoined by any citizen or property holder at interest."

We are of the opinion that the court properly struck the plea of res judicata, for the reason that the assessment was less than the amount found to be confiscatory, and the assessment was not violative of the verdict or the judgment.

The jury's verdict in the illegality case, including answers to questions propounded to them by the court, was as follows: "We, the jury, find in favor of the City of Tifton and that the assessment of $900 against each of two lots is not confiscatory. We find the size of the lots to be 140 by 200 feet. We find the value of the two lots before paving to have been $1,700. We find paving added $1,800 to the value of the lots. We find present value of lots after paving to be: Lot # 7 $1,500; Lot # 8 $2,000."

The judgment as amended reads as follows: "The jury in the within case having returned a verdict in favor of the City of Tifton and against T. W. Tift and the illegality filed therein, and having found the size of the lots in controversy to be 140 feet by 200 feet, it is therefore ordered that the original execution be so amended as to become a lien upon so much of the property as is described in the original execution as to make from each of such lots a lot 140 feet by 200 feet in size. The cost of the proceeding is taxed and fixed against the defendant, T. W. Tift."

The evidence authorized the verdict and the special grounds of the motion for a new trial are without merit. When read in its entirety, the charge of the court was not subject to any criticism made of it.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*